IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY ALLEN, SR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-CV-2571-B (BT) |
| | § | |
| LORIE DAVIS, *Director*, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a Standing Order of Reference from the District Court. The Findings, Conclusions, and Recommendation of the Magistrate Judge follow:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges Respondent's denial of his release to parole in February 2016, and February 2017. On January 8, 2018, Respondent filed a motion to dismiss. (ECF No. 14.) For the foregoing reasons, the Magistrate Judge recommends that the District Court GRANT Respondent's motion to dismiss for failure to exhaust state remedies.[1]

---

[1] Respondent argues that the petition should be dismissed for failure to exhaust state remedies, and that Petitioner's challenge to Respondent's 2016 denial of his release to parole is barred by limitations. The Court finds dismissal on exhaustion is appropriate and therefore declines to address Respondent's limitations argument.

1

On July 18, 2017, Petitioner filed a state habeas petition challenging Respondent's decision. *Ex parte Allen*, No. 58,875-10. Petitioner admits the petition remains pending in the state court.

## II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Here, Petitioner raised his claims in a state habeas petition, and that petition is currently pending. Although Petitioner argues he has exhausted some of his claims because the Court of Criminal Appeals remanded some, but not all, of his claims to the trial court, the record shows the Court of Criminal Appeals has issued no decision on his habeas petition. Further, a federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Although section 2254(b)(2) provides that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's

failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record.  *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

### III.

The Magistrate Judge therefore recommends that the District Court GRANT Respondent's motion to dismiss for failure to exhaust state remedies.

Signed March 8, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).